UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*In re* KAVITA KALSY,

        *Respondent*.

Miscellaneous Action No. 22-59 (RDM)

## MEMORANDUM OPINION

This matter is before the Court on the District of Columbia's motion to remand for lack of subject-matter jurisdiction. Dkt. 9. In May 2022, the Chief Judge of the D.C. Superior Court convened a panel to evaluate whether respondent Kavita Kalsy should be suspended or removed from the Superior Court's Criminal Justice Act ("CJA") Panel. Kalsy, proceeding *pro se*, removed that proceeding to this Court. Dkt. 1. The District of Columbia argues that the Court lacks subject-matter jurisdiction over what is, in essence, a state administrative proceeding that presents no federal question. The Court agrees and will, for the reasons stated below, **GRANT** the District of Columbia's motion to remand, Dkt. 9.

### I. BACKGROUND

According to the notice of removal and the attached materials, Kavita Kalsy was appointed as a provisional member of the D.C. Superior Court's CJA Panel in 2018. Dkt. 1-1 at 4. She submitted an application for "full panel status" on August 12, 2020. *Id.* In response to concerns about Kalsy's mental health that were raised by her application, the co-chairs of the "CJA Panel Committee," Superior Court Judges Juliet McKenna and Peter Krauthamer, convened a series of WebEx meetings with Kalsy in August and September 2020. *Id.* at 4–5. During the third of those meetings, the co-chairs requested documentation of Kalsy's mental health status, based on their concern as to whether she was "capable of handling cases for the

CJA panel." *Id.* at 5. Kalsy did not provide the requested documentation. *Id.* Instead, she resubmitted an application for full CJA panel status almost a year later, in September 2021. *Id.* In response to her renewed application, the two co-chairs again met with Kalsy and requested documentation of her mental health status, which she again declined to provide. *Id.* Kalsy filed a petition for review in the District of Columbia Court of Appeals on December 27, 2021, which was apparently dismissed "because it was not a contested case arising under the District of Columbia Administrative Procedure Act." Dkt. 1 at 3.

On April 7, 2022, the new co-chairs of the CJA Panel Committee met with Kalsy by WebEx and again requested documentation of her mental health status, which she once again declined to provide after indicating her belief that the judges "were asking for a bribe." Dkt. 1-1 at 5. The next month, Superior Court Chief Judge Anita Josey-Herring notified Kalsy of her intention to appoint a panel under Super. Ct. Crim. R. 44-I that would evaluate whether Kalsy should remain a member of the CJA panel. *Id.* at 6. The appointed panel, comprised of three Superior Court judges, wrote a letter to Kalsy on May 23, 2022, setting a hearing on the matter for June 15, 2022, *id.* at 3, and providing Kalsy with a "complaint" that described the basis for any potential suspension or removal, *id.* at 3–6. On May 25, 2022, the panel requested that Kalsy provide any written submissions or documentary evidence by June 10, 2022. *Id.* at 38.

Kalsy removed the case to this Court on June 9, 2022. Dkt. 1. The District subsequently filed a motion to remand the matter to the D.C. Superior Court for lack of subject-matter jurisdiction, Dkt. 9, which is now before this Court.

## II. ANALYSIS

A defendant may remove any "civil action" to federal court if the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). But federal courts are courts of

2

limited subject-matter jurisdiction and "possess only that power authorized by [the] Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts "construe[] removal jurisdiction strictly, favoring remand where the propriety of removal is unclear." *Ballard v. District of Columbia*, 813 F. Supp. 2d 34, 38 (D.D.C. 2011). "The party opposing a motion to remand bears the burden of establishing that subject matter jurisdiction exists in federal court." *Int'l Union of Bricklayers & Allied Craftworkers v. Ins. Co. of the West*, 366 F. Supp. 2d 33, 36 (D.D.C. 2005). Where, as here, a party asserts original jurisdiction based on a federal question, "[t]he presence or absence of such jurisdiction is governed by the 'well-pleaded complaint rule,' under which 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

According to Kalsy, this Court has jurisdiction over the instant proceeding because the Superior Court's requests for documentation of her mental health status implicate multiple sources of federal law, including the District of Columbia Court Reform and Criminal Procedure Act of 1970 (the "Court Reform Act"), Pub. L. No. 91-358, 84 Stat. 473; the Federal Rules of Civil Procedure; and this Court's Local Civil Rules. Dkt. 1 at 1, 3; *see also* Dkt. 14 at 6. The District asserts, in response, that the proceeding at issue is a "state administrative matter[]" not subject to removal and that it "does not involve any federal question." Dkt. 9 at 5–6. Although the Court shares the District's skepticism as to whether this is in fact a "civil action" that can be removed under 28 U.S.C. § 1441(a), the Court need not reach that question because, in any

3

event, no federal question is presented on the face of the "complaint"—here, the May 23, 2022 letter describing the basis for Kalsy's possible suspension or removal. Dkt. 1-1 at 3–6.

To the extent the May 23, 2022 "complaint" Kalsy received invokes any specific legal authority to convene Kalsy's hearing, it mentions only Super. Ct. Crim. R. 44-I, *see* Dkt. 1-1 at 6, which governs, among other things, the suspension and removal of attorneys from the Superior Court's CJA Panel, *see* Super. Ct. Crim. R. 44-I(f)(1). To be sure, Kalsy's notice of removal asserts that she "intend[s] to answer the complaint, relying on federal law and acts of Congress that apply locally to the District of Columbia" once the matter has been removed to federal court. Dkt. 1 at 4. But it is well established that federal jurisdiction exists "only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint," *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) (quoting *Caterpillar Inc.*, 482 U.S. at 392), and that raising federal questions in an answer or defense is typically insufficient to create federal question jurisdiction, *see Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28 (1974) ("The federal questions must be disclosed upon the face of the complaint, unaided by the answer." (internal quotation marks omitted)).

Kalsy's notice of removal asserts that the District of Columbia Court Reform Act, 84 Stat. 473, which established the Superior Court's authority to promulgate criminal rules of procedure like Rule 44-I, confers federal question jurisdiction here. Dkt. 1 at 2. As support for this proposition, she cites Fed. R. Civ. P. 81(d)(3), which defines "federal statute" to "include[] any Act of Congress that applies locally to the District." *Id.*; Dkt. 14 at 14–15. But even assuming the dubious proposition that this action "arises under" the Court Reform Act, 28 U.S.C. § 1366—not Rule 81(d)(3)—is controlling for purposes of 28 U.S.C. § 1331. And § 1366 provides that "references to laws of the United States or Acts of Congress do not include laws

4

applicable exclusively to the District of Columbia." 28 U.S.C. § 1366. The Court Reform Act, which was enacted "to reorganize the judicial systems of the District of Columbia," *United States v. Hairston*, 495 F.2d 1046, 1052 (D.C. Cir. 1974), applies, by its terms, to courts in the District alone. *Cf. D.C. Ass'n of Chartered Pub. Schs. v. District of Columbia*, 930 F.3d 487, 491 (D.C. Cir. 2019) (concluding that the School Reform Act, 110 Stat. 1321-107 (1996) is not a "law of the United States" under § 1331 because it "applies solely to the District" and "establish[ed] and regulat[ed] charter schools within the District alone").[1]

To the extent that Kalsy relies on Fed. R. Civ. P. 81(d)(3) and this Court's Local Rules (specifically, Local Civil Rule 83.20 and Local Criminal Rule 57.31) to establish federal jurisdiction, *see* Dkt. 1 at 2–3, the Court is unpersuaded. Fed. R. Civ. P. 81(d)(3) simply defines the term "federal statute" for purposes of the Rules; it neither addresses removal nor provides a federal cause of action. *See* Fed. R. Civ. P. 82 (stating that the Rules "do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts"). Nor can this Court's Local Rules expand the scope of the federal courts' subject-matter jurisdiction, which "is determined by *Congress* in the exact degrees and character which to Congress may seem proper for the public good." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 433

---

[1] In response to the District's motion for remand, Kalsy also argues that this Court has federal jurisdiction over this action because the Court can exercise supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367. *See* Dkt. 14 at 5–7, 17. But the federal "causes of action" that Kalsy contends provide the anchor for her D.C. law claims assert violations of the federal criminal laws governing bribery and gratuities, 18 U.S.C. §§ 201, 666. *See* Dkt. 8 at 9; Dkt. 11 at 31–34. "As a general rule, criminal statutes do not create a private right of action" and thus "cannot be relied upon" to establish the original jurisdiction necessary to exercise supplemental jurisdiction over related civil claims. *Saunders v. Davis*, No. 15-cv-2026, 2016 WL 4921418, at *13 (D.D.C. Sept. 15, 2016). Those references to the federal criminal laws, moreover, appear nowhere in the well-plead "complaint" that initiated the proceeding at issue. *See* Dkt. 1-1 at 4–6. Any reference to these laws, then, does not cure the jurisdictional defects at issue here.

(1989) (internal quotation marks omitted) (emphasis added).  The Court, accordingly, concludes that it lacks subject-matter jurisdiction over the instant action.

## CONCLUSION

For the foregoing reasons, the Court will **GRANT** the District of Columbia's motion to remand, Dkt. 9.

A separate order will issue.

    /s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  November 14, 2022